**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

CONCEPCION ROSAS-VILLAFUERTE,

     Petitioner,

v.                                     21-CV-741-MIS-GJF

USA,

     Respondent.

**<u>ORDER TO SHOW CAUSE</u>**

Before the Court is Petitioner Concepcion Rosas-Villafuerte's Habeas Corpus Petition Under 28 U.S.C. § 2255 (Doc. 1) (the "Petition"). Petitioner was in Bureau of Prisons ("BOP") custody at Reeves County Detention Center when he filed the Petition in August 2021. (Doc. 1 at 1). He is proceeding *pro se*. In the Petition, Petitioner sought to be released from prison "up to" six months early. (Doc. 1 at 1).

A search of the BOP website shows that Petitioner was released from prison on November 28, 2022.[1]  Though it appears that Petitioner is no longer receiving mail at the Reeves County Detention Center, the Court has not been notified of his new address. Pursuant to Local Rules of Civil Procedure of the United States District Court for the District of New Mexico Rule 83.6, *pro se* parties have "a continuing duty to notify the Clerk, in writing, of any change in their mailing address[.]" It is incumbent on pro se litigants to follow the local

---

[1] *See*  https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (Last visited on 12/28/2022).

procedural rules. *Brandenburg v. Beaman*, 632, F.2d 120, 122 (10th Cir. 1980). Because Petitioner has failed to comply with Local Rule 83.6, he will be required to show cause why this action should not be dismissed.

Further, it appears that the Petition may be moot. "A case is moot if events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than speculative chance of affecting them in the future." *Rhodes v. Judiscak*, 676 F.3d 931, 935 (10th Cir. 2012). Although "release from prison does not necessarily moot a habeas petition" because an ex-prisoner may continue to suffer collateral consequences from a conviction, *id.* at 933, Petitioner does not seek relief from any collateral consequences. The relief he *does* seek—an early release from prison—is obviously unavailable. To the extent that the Petition does not assert a presently redressable injury, Petitioner should show cause in writing why this case should not be dismissed as moot.  *See id.* at 935 (holding a habeas petition moot where the petitioner had been released from prison but sought a reduced sentence).

For these reasons, the Court will require Petitioner to show cause in writing within thirty (30) days of entry of this Order why the Petition should not be dismissed for failure to comply with Local Rule 83.6 and/or because the Petition is moot.  If Petitioner concedes the claims are moot or otherwise fails to show cause, the Court will dismiss the Petition without further notice.

**IT IS ORDERED** that within thirty (30) days of entry of this Order, Petitioner shall show cause in writing, if any, why this habeas proceeding should not be dismissed.

_____
UNITED STATES MAGISTRATE JUDGE